UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BARONE,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF MOTOR VEHICLES, et al.,<br><br>        Defendants. | Case No. 23-cv-00858-WHO<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 37, 38 |

The parties cross-move for summary judgment on plaintiff Vanessa Barone's remaining claims for violation of her procedural due process rights under the California and federal constitutions. Dkt. Nos. 37, 38. For the reasons discussed below, Barone has received sufficient process from the Department of Motor Vehicles regarding what she could have done to secure a hearing to attempt to "set aside" the initial suspension of her driver's license.[1] The DMV's motion for summary judgment is GRANTED and Barone's motion is DENIED.

## BACKGROUND

Barone's driver's license was suspended as a result of a March 23, 2022 "Confidential Morbidity Report" ("CMR") that was submitted by her doctor to the DMV. *See* Declaration of Melissa Lee-Talton (Dkt. No. 42-3) ¶ 19, Ex. C. She argues, and I assume it as true for purposes of this motion, that the CMR was based on her doctor's erroneous belief that Barone had recently suffered a spell of lost consciousness. The CMR resulted in a suspension of her driver's license

---

[1] The sole defendant named in the Amended Complaint is Steve Gordon, "in his Capacity of Director of State of California Department of Motor Vehicles." Dkt. No. 27. In this Order the defendant will be referred to as defendant or DMV.

1  under California Vehicle Code ("CVC") § 13953. *Id*. at ¶¶ 22-31.

2      The DMV provides two separate routes for drivers to challenge license suspensions made under § 13953. First, there is a hearing process that can be invoked by a driver that can result in the suspension being "set aside." That "administrative process" is governed by statute and regulations. A hearing must be provided if it is requested within a 10 or 14 day timeframe and may be provided even if a late request is made. *See* CVC § 14100, 14103 *et seq*.; 13 Cal. Code Regs. § 115.04(a); *see also* Declaration of Sallyann Castro (Dkt. No. 42-1) ¶¶ 28-37. Once a hearing is requested, discovery is allowed and a hearing is held before a hearing officer where evidence will be taken from witnesses and documents. *See* CVC §§ 14104.5, 14104.7.

    Second, there is a non-hearing process where a driver can submit additional medical evidence to "end" the suspension without having to appear for a hearing. Under this second process, a driver can simply submit additional medical information on a Driver Medical Evaluation ("DME") and if that additional information demonstrates that the driver's medical condition is no longer a safety threat, the DMV will "end" a suspension and reinstate the license. *Id*. ¶ 39. If the suspension is ended through that process, the suspension will nonetheless remain on the driver's public record for at least 3 years. Castro Decl. ¶¶ 38-43; CVC § 1808(c).

    It is undisputed that the DMV informed Barone about how she could request a hearing in its April 11, 2022 "Order of Suspension/Revocation." The April Order explained that Barone must request a hearing "by contacting" the Stockton Driver Safety office within 14 days and requesting the hearing by "telephone, mail, or in person." Lee-Talton Decl. 34¶ , Ex. E. The Order explains, "THIS ACTION IS INDEPENDENT OF ANY OTHER ACTION TAKEN BY THE COURT OR THIS DEPARTMENT," and that more information could be found at the DMV's website. *Id*.

    According to Barone, she called the Driver Safety Department – as instructed in the April Order – but the "employee did not mention or discuss the need for a hearing. Rather, the employee told me I needed to wait to receive a Driver Medical Evaluation in the mail."

1  Declaration of Vanessa Barone (Dkt. No. 37-2) ¶ 11.[2] It is undisputed that Barone did not request a hearing, either by phone in her conversation with the Driver Safety Department or otherwise, within the fourteen-day period as required and explained in the April Order.

Instead, Barone secured a DME from Kaiser and submitted that to DMV, which received it on September 20, 2022. Barone Decl. ¶¶ 11-13; Lee-Talton Decl. ¶ 44. The DMV considered the DME and determined that Barone's health did not present a risk. Barone received from the DMV the November 1, 2022 "Order of Set Aside or Reinstatement," which explained that she was cleared by Driver Safety and that her suspension was "ended." Lee-Talton Decl. ¶ 48, Ex. H (November 1, 2022 Notice). The November Order had check boxes to inform recipients that based on a "review of the information on file" the license suspension was either "set aside" or "ended," or may be ended if further action taken. *Id*. On Barone's notice the only box checked was "ended." "Set aside" was not checked. *Id*.[3]

Barone asserts that her submission of the DME, and the resulting ending of her suspension, was "consistent with the process the DMV told [her] to follow." *Id*. ¶ 14. She believed, based on the November Order, that she followed the correct process "to end the erroneous suspension" and complains that the DMV failed to "provide any notice or information that [she] needed to engage in any further process to have the suspension set aside or removed from publicly available records." *Id*. ¶ 18. She does not allege that she was misled by any DMV employee into thinking she could get the suspension "set aside" and expunged from her record without a hearing. She does not allege that any DMV employee dissuaded her from requesting a hearing nor allege that she ever requested a hearing. Instead, she complains that the DMV employees with whom she spoke never explained to her that there were two distinct processes, the "legal differences" between the two distinct processes, and that only the hearing route could lead

---

[2] The parties disagree about what the DMV employee told Barone, but because of the facts recited in this section, that dispute is not material to the decisive legal issues.

[3] Below the line with checked boxed on Barone's November Order, was a separate unchecked box that explained "[i] compliance with your request, a Department review of the information and evidence submitted at your hearing has been completed" and the action was "set aside" or "ended" or "maybe be ended." *Id*.

3

to the "set aside" of her license suspension. Pl. Oppo. MSJ (Dkt. No. 43) at 1.

On December 15, 2022, Barone filed a petition seeking a writ of mandate in Superior Court, arguing that her rights to "due process" were violated when the DMV suspended her driving privileges "without providing due process," namely by providing her a hearing before suspending her license, and by improperly "maintaining the suspension" on her record. Dkt. No. 1 ("Compl."). She sought a writ of mandate "ordering the DMV to remove all references to the erroneous suspension from her driver history." Compl. ¶ 2.

The DMV removed the case to this court and moved for judgment on the pleadings. On January 24, 2024, I granted that motion. Dkt. No. 26 (January 2024 Order). I explained that under established caselaw Barone did not have a right to a pre-suspension hearing. *Id.* I denied the motion on a different theory raised by the DMV, however, characterizing Barone's claim regarding the maintenance of the suspension on her record as a "separate" due process claim. *Id.* at 9-10. Recognizing that the theory of Barone's due process claim based on post-suspension acts by the DMV was unclear, I granted leave to amend. *Id.* at 11-12.[4]

Barone filed an Amended Complaint, styled as a "Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief." She alleged violations of her federal and state due process rights based only on the theories that: (1) DMV failed to provide her a formal hearing to attempt to "set aside" the suspension and (2) failed to explain that by resolving the suspension without a hearing, the suspension would remain on her record for three years. Amended Complaint (Dkt. No. 27) ¶¶ 25-28, 34-37; *see also* CVC § 1808(c).

**LEGAL STANDARD**

**I.   MOTION FOR SUMMARY JUDGMENT**

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). In order to prevail, a party moving for summary judgment must

---

[4] I also dismissed Barone's section 1983 claim asserted against the State of California and the DMV, but allowed her to amend her claim against Steve Gordon in his Capacity of Director of State of California Department of Motor Vehicles to the extent Barone sought prospective injunctive relief. *Id.* at 13.

4

show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id*. The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Id*. at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "If the nonmovant bears the burden of persuasion on the ultimate issue, the movant may make its required initial showing that there is no genuine dispute of material fact by demonstrating that 'there is an absence of evidence to support the non-moving party's case.'" *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897-98 (9th Cir. 2021) (citing Fed. R. Civ. Proc. 56(c)(1)(A) and *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). "The burden of production then shifts to the nonmovant, who must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotation marks omitted) (quoting *Celotex Corp.*, 477 U.S. at 324). "The nonmovant's burden of production at this point 'is not a light one'—it 'must show more than the mere existence of a scintilla of evidence' or 'some "metaphysical doubt' as to the material facts at issue.'"" *Id*. (quoting *Oracle Sec. Litig.*, 627 F.3d at 387). The nonmoving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor," assuming that "all justifiable inferences are . . . drawn in its favor." *Id*. (quoting *Oracle Sec. Litig.*, 627 F.3d at 387).

## II.   PROCEDURAL DUE PROCESS

Under the United States Constitution, a claim for violation of procedural due process requires two elements: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).  Here the parties do not contest that the first element is met. *See Dixon v. Love*, 431 U.S. 105, 112 (1977) ("It is clear that the Due Process Clause applies to the deprivation of a driver's license by the State.").

With respect to the second element, "[t]he determination of what procedures satisfy due process [in a given situation] depends upon an analysis of the particular case in accordance with the three-part balancing test outlined in *Mathews v. Eldridge*." *Brewster*, 149 F.3d at 983 (quoting *Orloff v. Cleland*, 708 F.2d 372, 378-79 (9th Cir. 1983)); *see also Mathews v. Eldridge*, 424 U.S. 319 (1976).  Those elements are: (1) "the private interest that will be affected by the official action"; (2) "the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Brewster*, 149 F.3d at 983 (quoting *Mathews*, 424 U.S. at 335).  The same elements are considered and balanced for due process claims brought under the California Constitution, with an additional fourth element: "the dignitary interest in informing individuals of the nature, grounds and consequences of the action and in enabling them to present their side of the story before a responsible governmental official." *Saleeby v. State Bar*, 39 Cal. 3d 547, 565, 702 P.2d 525, 535 (1985) (citation omitted); *Barclay Hollander Corp. v. Cal. Reg'l Water Quality Control Bd.*, 38 Cal. App. 5th 479, 508 n.38 (2019) (same).

## DISCUSSION

As made clear in my January 2024 Order, the lack of a pre-suspension hearing did not violate Barone's due process rights.  *See* January 2024 Order.  And post-deprivation, there is no dispute that Barone was informed in the April Order of her right to a hearing to contest that

determination. The California Vehicle Code and related regulations spell out a detailed process by which drivers can request a hearing in order to set aside a suspension. *See* CVC § 14100 *et seq*. (cited on page 2 of the April Order). In opposing the motion for judgment on the pleadings, Barone *did no*t contest that the April Order itself satisfied due process. *See* January 2024 Order at 6. There is nothing in that notice or that process that is so deficient that it, by itself, violates Barone's procedural due process rights. *See Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 918 (9th Cir. 1996) ("Whether notice satisfies due process is a question of law." (citation omitted)).[5]

    Barone's remaining procedural due process theory boils down to her complaint that the DMV should have clearly (or more clearly) explained the existence of two different processes and the different outcomes that could result. Plaintiff's Motion for Summary Judgment ("Pl. MSJ," Dkt. No. 37) at 9-13 (alleging insufficient process); Plaintiff's Opposition to Motion for Summary Judgment ("Pl. Oppo.," Dkt. No. 43) at 8-17 (alleging insufficient process). She cites no cases in support of this theory that it violated of her *due process* rights when the DMV employees with whom she spoke failed to explain the differences between the two available routes or even – assuming facts in her favor – "directed" her to pursue the route of submitting a DME and not pursue the hearing route. And the overwhelming authority is to the contrary. *See City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999) ("No similar rationale justifies requiring individualized notice of state-law remedies which, like those at issue here, are established by published, generally available state statutes and case law. Once the property owner is informed that his property has been seized, he can turn to these public sources to learn about the remedial procedures available to him. The City need not take other steps to inform him of his options."); *see also Pascarella v. Swift Transp. Co.*, 643 F. Supp. 2d 639, 651 (D.N.J. 2009) ("[T]herefore, where the Commission]s administrative review procedures were publicly available through the New Jersey Administrative Code, Defendant Harrington was not required to provide Plaintiff notice of those procedures when she notified him that he risked revocation of his [Commercial Driver's

---

[5] As also noted in my January 2024 Order, Barone did not "contest that suspension before a hearing is statutorily permissible under section 13953" and "she specifically disclaim[ed] the argument that section 13953 is unconstitutional." *Id*.

7

License].").[6]

Significantly, further procedural and sufficient process was available to Barone. When she realized that her suspension was only "ended" and not "set aside" – as the November Order informed her – she could have requested a hearing at that time under Section 14013. As I noted in the January 2024 Order:

> CVC section 14103 provides that even if a driver waives her right to a hearing by failing to request one within 10 days of the notice, the DMV still "may, upon request of the person whose privilege of driving is in question, or at its own option, reopen the question, take evidence, change, or set aside any order previously made, or grant a hearing." CVC § 14103. If it grants a new hearing, the DMV may modify any prior decision "to correct mistakes." *Id*. §§ 14105(b), 14105.5(d).

January 2024 Order at 10. It is true that under CVC § 14101 Barone would not be "entitled" to a hearing as of right at that point, but Section 14103 makes clear that DMV could reopen the matter and hold a hearing despite Barone not having timely requested one.[7] The applicable regulations explain that Barone could have submitted a "late" request for a hearing, where she could have explained that it was not her fault that she did not request a hearing because the DMV employees did not explain the different procedures or legal significance of the two procedures and steered her away from the hearing process.[8]

---

[6] Barone complains that DMV has identified no publicly available document to explain the two different processes. Pl. Oppo at 10-11. However, the DMV's website is referenced on the April 2022 Order. As defendants note, the DMV website has information on "administrative hearings" that describes how to request a hearing and explains that the hearings before a Driver Safety Hearing Officer can result in "decision to uphold (sustain), modify, or rescind (set aside) the DMV action." *See* DMV Oppo. (Dkt. No. 42) at 12 n.3 (citing https://www.dmv.ca.gov/portal/driver-education-and-safety/dmv-safety-guidelines-actions/administrative-hearings/).

[7] Section 14101 "Entitlement to hearing" provides: "A person is not entitled to a hearing in either of the following cases: (a) If the action by the department is made mandatory by this code. (b) If the person has previously been given an opportunity with appropriate notice for a hearing and failed to request a hearing within the time specified by law." Section 14103 "Waiver of hearing" provides "Failure to respond to a notice given under this chapter within 10 days is a waiver of the right to a hearing, and the department may take action without a hearing or may, upon request of the person whose privilege of driving is in question, or at its own option, reopen the question, take evidence, change, or set aside any order previously made, or grant a hearing."

[8] 13 Cal. Code Regs. § 115.04 "Hearing Requests and Late Hearing Requests" explains:
"(a) Any request for hearing pursuant to Vehicle Code section 14100 shall be made in writing, by telephone, or electronically through the department's online portal.
 (1) Any request for hearing shall contain all of the following information:

8

Barone did not request a hearing, even after realizing the consequences of having had her suspension ended but not set aside. She instead went to state court and filed a complaint (styled as seeking a writ of mandate) asserting two claims for relief based solely on denial of due process rights. Dkt. No. 1. The relief she sought included "a declaration that maintaining a record of an erroneous or unfounded suspension exceeds Defendants' statutory authority and is unlawful" and seeking a writ of mandate (pursuant to California Code of Civil Procedure Section 1805) directing "Defendants to remove all references to the erroneous April l5, 2022 suspension from Ms. Barone's Driver History Report." *Id*.

Court review of DMV orders is authorized, within 90 days of an administrative order, by the seeking of a writ of mandate under CVC § 14400.[9] Barone's theory of *why* she should be granted relief at this juncture on her due process claims is *not* a typical basis for a writ of mandate proceeding. She is not arguing that the DMV was without authority to suspend her license in the

---

(A) The name, birth date, driver's license number, current address, email, and current telephone number of the driver;
(B) The date of the arrest, detention, or incident at issue in the hearing, if applicable;
(C) The name of the agency responsible for arresting, detaining, citing, contacting, and/or providing notice of an order of suspension to the person requesting the hearing, if applicable;
(D) The name, address, e-mail, and telephone number of the subject driver's attorney or representative, if applicable; and
(E) An indication as to whether the driver and their representative, if any, consents to electronic service pursuant to Section 115.06 of this article.
(2) Any request for hearing that does not contain all the information specified in subsection (a)(1) will not be considered a valid request for a hearing pursuant to Vehicle Code section 14100.
(3) The person requesting the hearing or their representative must inform the department of any change in the information provided in subsection (a)(1) within five days of the change.
(b) If the driver fails to request a hearing within ten days, as required by Vehicle Code section 14100, the department may still grant a hearing if the driver provides information establishing all of the following:
(1) The driver or their representative was not responsible for the delay in requesting a hearing; and
(2) The driver or their representative could not reasonably have made a timely request."

[9] Section § 14400 "Court review" provides: "Nothing in this code shall be deemed to prevent a review or other action as may be permitted by the Constitution and laws of this State by a court of competent jurisdiction of any order of the department refusing, canceling, suspending, or revoking the privilege of a person to operate a motor vehicle." Section 14401(a) "Requirements regarding court review" provides that an action for writ of mandate must be "commenced within 90 days from the date the order is noticed."

9

first place because there was insufficient evidence to do so or otherwise. She is not alleging that she asked for a hearing and it was denied. Instead, she is claiming that she was deprived of the *opportunity* to have a hearing to set aside the suspension because she was improperly steered by DMV employees into the process that would merely end it. That, however, is not a procedural due process violation; additional process was available under the CVC. Barone could have asked the DMV for a late hearing under Section 14103 – explaining how she was steered away from requesting a hearing. If the DMV denied the request for a late hearing, she could have filed a petition for a writ of mandate under Section 14400 seeking to force the DMV to offer her that hearing so she could "set aside" the suspension. Similarly, if Barone believed the initial suspension was not appropriate and should have been set aside without a hearing, she could have filed a writ of mandate seeking that relief. *See Marquez v. Gourley*, 102 Cal. App. 4th 710, 715–16 (2002) (Section 14400 "is merely intended to guarantee judicial review [through a writ of mandate] where the DMV has acted without any opportunity for a hearing . . . or where the DMV has reached a decision after an administrative hearing." (internal citations omitted).

Barone took neither route. Instead, she filed a complaint and writ of mandate alleging violations of due process. But as I have repeated above, sufficient process was available.

Finally, Barone may not have understood from the April Order or the November Order what the significance of the distinction between an order "setting aside" a suspension and an order "ending" a suspension was, but that does not mean she was not provided adequate process. She was clearly informed of her right to request a hearing to set aside the suspension. Given this record, I agree with the court in *Pascarella*, 643 F. Supp. 2d at 652 n.15: "The Court is not unsympathetic to Plaintiff's predicament and recognizes what might be viewed as a questionable assumption underlying the *City of West Covina* decision—that a lay person could readily learn of the statutory and administrative remedies available when a property interest is threatened. . . . Nevertheless, the law is clear and this Court is bound to follow it. Plaintiff's perhaps understandable ignorance does not alter the constitutional requirements placed on the State."

## CONCLUSION

Barone's motion for summary judgment arguing denial of due process is DENIED. The

10

DMV's motion for summary judgment on Barone's due process claims is GRANTED.  Judgment is hereby entered in favor of defendant.

**IT IS SO ORDERED.**

Dated: October 17, 2024



William H. Orrick
United States District Judge